# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Michael Charles Elder*
Case No. 1:17-cr-00013-TMB-2

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Michael Charles Elder's Motion for Early Termination of Supervised Release (the "Motion").[1] Both Plaintiff United States of America (the "Government") and the United States Probation and Pretrial Services Office ("USPO") oppose the Motion; this matter is ripe for resolution.[2]

Elder moves for early termination of his supervised release based on his compliance with the conditions of his supervised release over the past year and a half.[3] Specifically, Elder highlights that he has had "no confirmed positive [urinalyses]" and continues to meet "with a therapist doing individualized therapy."[4] Elder requests the Court terminate his supervision because "he has shown that he is not prone to drug or alcohol usage" and the obstacle of having a "randomized" drug schedule will "do nothing more than delay [his] release back into the community." Elder also contends that continued supervision will "inhibit his ability to enthusiastically say yes to [a] job offer in Texas because he would have to tell his future employer that he may be limited in his travel abilities or must drop work at a moment's notice to go take a random UA."[5]

The Government opposes the Motion.[6] The Government asserts that early termination of supervised release is inappropriate because Elder is "only 1.5 years into his five-year term of supervised release" and because he played a "role in the kidnapping, assault, and attempted murder" of two individuals.[7] Further, according to the Government, Elder has not provided any indication that USPO "is unwilling to be flexible to help [Elder's] work schedule" so as to coordinate his out-of-state employment and urinalyses. Ultimately, while the Government "is open to the possibility of ending [Elder's] term of supervised release" at some point, because of his "minimal" completion of supervision thus far and the serious underlying crimes at issue, the Government is unwilling to agree to early termination of supervised release at this time.[8]

---

[1] Dkt. 177 (Motion).
[2] *See* Dkt. 180 (USPO Memorandum); Dkt. 178 (Opposition).
[3] Dkt. 177 at 3.
[4] *Id.*
[5] *Id.* at 3.
[6] Dkt. 178.
[7] *Id.* at 1.
[8] *Id.* at 3.

USPO also opposes the Motion, reporting that, despite a "previous Court-reported violation for alcohol use" in April 2022, Elder "has [otherwise] been compliant with his conditions of supervision."[9] USPO also reports that Elder has "engaged in both mental health and substance abuse treatment and maintained [employment]."[10] However, USPO signals "cause for concern" due to "the severity and violent nature of [Elder's] underlying offense."[11] Because Elder is a "danger to the community," USPO is "not supportive of early termination."[12]

18 U.S.C. § 3583(e)(1) allows a court—after considering the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised released . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Having reviewed the briefing in this matter, and considering the factors set forth in 18 U.S.C. § 3553(a), the Court agrees with the Government and USPO that early termination of Elder's supervised release is not warranted at this time. Although the Court commends Elder's performance on supervision thus far, considering the violent nature of his underlying crimes and the fact that he has not yet completed two years of his five-year term of supervision, the Court is not inclined to grant his request. Further, Elder's principal complaint with supervision is that his out-of-state employment is incongruous with his drug testing requirements. While the Court lauds Elder for his employment success, there are various other ways in which Elder may resolve these issues. For example, Elder may request to transfer his supervision to another district or work with USPO in the District of Alaska to coordinate or alter any special conditions of release related to drug testing.[13]

Accordingly, the Court **DENIES without prejudice** the Motion at Docket 177.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 9, 2023.

---

[9] Dkt. 180 at 1.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *See* 18 U.S.C. § 3605 ("A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court.").